UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY CHAD WALLIN-REED,

    Petitioner,

v.

ERIC ARNOLD,

    Respondent.

No. 2:17-cv-01495 TLN CKD P

ORDER

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion for a stay and abeyance of the petition in order to exhaust his state court remedies with respect to claims 2 and 3 challenging trial and appellate counsel's effectiveness. ECF No. 7. Respondent has opposed the motion for a stay. ECF No. 12.

The court may stay a petition and hold it in abeyance pursuant to Rhines only if (1) petitioner demonstrates good cause for the failure to have previously exhausted the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has not engaged in "abusive litigation tactics or intentional delay." See Rhines v. Weber, 544 U.S. 269, 278 (2005). While petitioner asserts that his failure to exhaust was caused by his inability to obtain post-conviction counsel, he has not provided the court with sufficient information to be able to determine whether this bare allegation, without more, is sufficient to demonstrate good cause under Rhines. See

ECF No. 7 at 3; see also Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (emphasizing that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."). In Blake, the Ninth Circuit Court of Appeal emphasized that "good cause turns on whether the petitioner can set forth a reasonable excuse, *supported by sufficient evidence*, to justify" the failure to exhaust state court remedies. Id., 745 F.3d at 982 (emphasis added). Accordingly, pursuant to Blake, petitioner will be provided 30 days to submit evidence in the form of an affidavit or other documentary records demonstrating: 1) what step(s) he has taken to obtain post-conviction counsel to file state habeas corpus petitions on his behalf; and, 2) what actions he has taken on a pro se basis to exhaust his ineffective assistance of counsel claims in state court.

IT IS HEREBY ORDERED that petitioner file a response to this order to show cause with the evidence demonstrating his good cause for failure to exhaust state court remedies within 30 days from the date of this order.

Dated: April 25, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wall1495.osconrhines.docx

2