UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY CHAD WALLIN-REED,<br><br>   Petitioner,<br><br>   v.<br><br>ERIC ARNOLD,<br><br>   Respondent. | No. 2:17-cv-01495 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion for a stay and abeyance in order to exhaust his state court remedies with respect to claims 2 and 3 challenging trial and appellate counsel's effectiveness. ECF No. 7. Respondent has opposed the motion for a stay. ECF No. 12. For the reasons outlined below, the undersigned recommends granting petitioner's motion for a stay and abeyance.

**I.     Factual Background**

On July 17, 2017 petitioner filed the instant federal habeas corpus petition challenging his 2013 conviction from the Plumas County Superior Court for First Degree Murder, Discharging a Firearm at an Occupied Vehicle, five counts of Assault with a Firearm, and Possession of an Assault Weapon. ECF No. 1 at 1. He was sentenced to an indeterminate term of 50 years to life plus an additional determinate term of 34 years. Id.  The California Court of Appeal affirmed his

conviction on February 11, 2016.  Id. at 2.  His petition for review by the California Supreme Court was denied on April 20, 2016.  Id.

In his federal habeas application, petitioner raises three claims for relief.  First, petitioner contends that the trial court violated his Sixth and Fourteenth Amendment rights to present a defense when it excluded a photo posted on Facebook of one of the victims holding a knife and a firearm.  ECF No. 1 at 4.  This claim was raised and rejected on direct appeal.  In his second claim for relief, petitioner alleges that his trial counsel was ineffective in: 1) failing to properly prepare for trial; 2) failing to present the Facebook photo as impeachment evidence; and, 3) failing to act as an advocate for petitioner when he advised petitioner not to accept a plea offer by the prosecution.  ECF No. 1 at 4.  Lastly, petitioner asserts that his appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness on appeal.  Id. at 5.  Petitioner concedes that none of the ineffective assistance of counsel claims have been exhausted in state court as "petitioner exhausted his funds in retai[n]ing trial counsel."  ECF No. 1 at 5.

**II.     Motion to Stay and Abey**

Petitioner filed a formal motion to stay and abey his habeas corpus petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005), on October 4, 2017.  ECF No. 7.  As good cause for his request for a stay, petitioner contends that "he could not have known about the unexhausted claims until legal counsel could be obtained to review the entire record following direct appeal…."  Id. at 3.  He further asserts that the unexhausted ineffective assistance of counsel claims have merit "[b]ecause a key issue in petitioner's case was whether [the] occupants of a car fleeing his property following a theft fired a gun at him…."  Id.  The Facebook photo of one of the victims holding a firearm was thus evidence that was critical to his assertion of self-defense.  His trial attorney's failure to convince the trial court to admit the photo, even as impeachment evidence, was therefore prejudicial according to petitioner.

Respondent filed an opposition to the motion for a stay arguing that it should be denied because the unexhausted claims are not colorable.  ECF No. 12 at 2 (citing Dixon v. Baker, 847 F.3d 14, 722 (9th Cir. 2017).  In support of this assertion, respondent submitted a copy of the direct appeal decision from the California Court of Appeal in petitioner's case.  See ECF No. 12-

2

1. Respondent also argues that petitioner's ineffective assistance of counsel claims are entirely conclusory and that petitioner is therefore not entitled to a stay and abeyance pursuant to Rhines. See ECF No. 12 at 3.

### III. Order to Show Cause

On April 25, 2018, the court issued an order to show cause allowing petitioner the opportunity to submit evidence demonstrating his good cause for the failure to previously exhaust his ineffective assistance of counsel claims in state court. See ECF No. 15. The order specifically directed petitioner to "submit evidence in the form of an affidavit or other documentary records demonstrating: 1) what step(s) he has taken to obtain post-conviction counsel to file state habeas corpus petitions on his behalf; and, 2) what actions he has taken on a pro se basis to exhaust his ineffective assistance of counsel claims in state court." Id. at 2.

Petitioner responded to the court's order to show cause on May 29, 2018. See ECF No. 16. In an affidavit submitted with his response, petitioner indicated that he expended all of his private funds and assets in retaining trial counsel and that he was appointed counsel to represent him on direct appeal. ECF No. 16 at 3. After his conviction was affirmed by the California Court of Appeal, petitioner tried to obtain funds to hire state habeas counsel. Id. However, his efforts were unsuccessful and he eventually filed a state habeas corpus petition "with the help of pro bono assistance" on March 6, 2018. Id. at 2-3. The trial court denied petitioner's state habeas petition on March 21, 2018. ECF No. 16 at 30-32. Petitioner then filed a state habeas petition in the California Court of Appeal on May 23, 2018 which is still pending. ECF No. 16 at 5-28

### IV. Legal Analysis

The court may stay a petition and hold it in abeyance pursuant to Rhines only if (1) petitioner demonstrates good cause for the failure to have previously exhausted the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has not engaged in "abusive litigation tactics or intentional delay." See Rhines v. Weber, 544 U.S. 269, 278 (2005). The undersigned will address each of these prongs, albeit in reverse order.

////

////

**A. Intentional Delay**

There is no indication in the record that petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 278. A cursory review of the record demonstrates that petitioner did not file any state habeas corpus petitions following the denial of his direct appeal in 2016. Instead, he chose to protectively file the instant 28 U.S.C. § 2254 petition just days before the one year statute of limitations expired, and then seek a stay and abeyance of federal proceedings.[1] While, at first blush, this seems to indicate intentional delay, petitioner explains the necessity for this delay in his motion for a stay. ECF No. 7 at 2. "After having exhausted his funds in retaining trial counsel, petitioner has now secured the funds necessary to retain legal assistance in pursuing his meritorious claims of ineffective assistance of trial and appellate counsel in California state court, and ultimately in the California Supreme Court…." Id. The court finds that a delay in order to obtain counsel prior to filing a state habeas petition is not "an abusive litigation tactic." Rhines, 544 U.S. at 278. Therefore, on this record, the court does not find that petitioner has intentionally delayed seeking relief that would warrant denying him a stay.

**B. Potential Merit of Unexhausted Claims**

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (quoting Rhines, 544 U.S. at 277). In recognition of the comity and federalism problems that are created by assessing the merits of unexhausted claims before a state court has had a chance to rule on them, the Ninth Circuit has determined that this standard is met unless "it is perfectly clear that the petitioner has no hope of prevailing" in state court. Dixon, 847 F.3d at 722 (citing Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). In this case, the court finds that petitioner's ineffective assistance of trial counsel claim for failing to advise petitioner to accept a

---

[1] Without a complete state court record, the undersigned assumes, without deciding, that petitioner's federal habeas application is timely filed within the one year statute of limitations. See 28 U.S.C. § 2244(d)(1). Since petitioner's conviction became final on July 19, 2016 following the expiration of the 90 day period to file a writ of certiorari from the United States Supreme Court, the one-year statute of limitations expired on July 19, 2017. See 28 U.S.C. § 2244(d)(1)(A); Supreme Court Rule 13; see also Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).

plea offer is not plainly meritless.[2] Even though petitioner's federal habeas application is devoid of any details about the terms of this plea offer, it sufficiently alleges a colorable federal claim when viewed against the backdrop of the factual and procedural background of the California Court of Appeal's decision. See ECF No. 12-1 at 3-19. Therefore, the undersigned finds that petitioner has established that at least one of his unexhausted claims has potential merit.

**C. Good Cause for Failure to Exhaust**

The Ninth Circuit Court of Appeal established that the good cause standard under Rhines is less stringent than demonstrating extraordinary circumstances and is more akin to the good cause standard for excusing a procedurally defaulted federal habeas claim. See Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005); see also Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (emphasizing that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."). In this case, petitioner asserts that his failure to exhaust his ineffective assistance of trial/appellate counsel claims was caused by his inability to obtain an attorney "to review the entire record following direct appeal [in order] to investigate any potential relief based on the trial court record or appellate counsel's performance." ECF No. 7 at 3. It is completely logical that petitioner would want a new attorney to review the entire record and investigate all potential claims before pursuing state habeas corpus relief due to the novel set of procedural rules that apply to California state habeas corpus petitions. See e.g., Walker v. Martin, 562 U.S. 307 (2011) (describing the significant differences between California state habeas

---

[2] However, the same cannot be said of his ineffective assistance of appellate counsel claim. Under California law, ineffective assistance of trial counsel claims that are not clear from the record should be raised in state habeas corpus proceedings and not on direct appeal. See People v. Lucas, 12 Cal. 4th 415, 437 (1995) (stating that "[r]eviewing courts will reverse convictions [on direct appeal] on the ground of inadequate counsel only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for (his or her) act or omission.") (quoting People v. Zapien, 4 Cal. 4th 929, 9280 (1993)). Since there is no suggestion by petitioner that his trial attorney's errors were clear from the trial transcripts, there is no potential merit to his claim that appellate counsel was ineffective for not challenging his trial attorney's performance on direct appeal. This is especially true since one of petitioner's ineffective assistance of trial counsel claims is based on plea discussions which are generally not made a part of the state court record on appeal.

procedure and that of other states). However, according to his recently filed affidavit, petitioner was unable to retain state postconviction counsel and ultimately filed a pro se state habeas petition in March 2018 . See ECF No. 16 at 2 (explaining that the only way petitioner was able to even file a pro se state habeas petition was "through the assistance of family and pro bono legal guidance"). As the Ninth Circuit Court of Appeal emphasized, "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Dixon, 847 F.3d at 721. Accordingly, the court finds that petitioner has established a reasonable excuse supported by evidence for his failure to previously exhaust his ineffective assistance of counsel claims. See Blake, 745 F.3d 977; see also Dixon v. Baker, 847 F.3d at 721-22 (finding that petitioner's pro se status during state habeas proceedings was sufficient "good cause" under Rhines for a stay of his federal habeas petition).

**V. Plain Language Summary for Pro Se Party**

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned is recommending that the motion to stay your federal habeas petition be granted to permit the exhaustion of your ineffective assistance of counsel claims in state court. If you disagree with this recommendation you may file "Objections to Magistrate Judge's Findings and Recommendations" within fourteen days and explain why this conclusion is wrong.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay and abeyance of his federal habeas corpus petition be granted.

2. Petitioner be ordered to file a status report with this court every 90 days until such time as the California Supreme Court issues a decision with respect to petitioner's ineffective assistance of counsel claims.

////

6

3. Once the California Supreme Court renders a decision, petitioner be ordered to file a "Notice of Exhaustion" with this court within 21 days of the date of the opinion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wall1495.m2stay.docx